RENDERED: DECEMBER 9, 2022; 10:00 A.M.
NOT TO BE PUBLISHED

# Commonwealth of Kentucky

# Court of Appeals

NO. 2022-CA-0005-MR

BETTY OARD                                             APPELLANT

                    APPEAL FROM KENTON CIRCUIT COURT
v.             HONORABLE GREGORY M. BARTLETT, JUDGE
                      ACTION NO. 20-CI-01542

THE HIGBEE COMPANY;
CRESTVIEW HILLS TOWN CENTER,
LLC; GROUNDSYSTEMS, INC.; AND
JEFFREY R. ANDERSON REAL
ESTATE, INC.                                      APPELLEES

OPINION
REVERSING AND REMANDING

** ** ** ** **

BEFORE: CLAYTON, CHIEF JUDGE; ACREE AND TAYLOR, JUDGES.

ACREE, JUDGE: Betty Oard, Appellant, appeals the Kenton Circuit Court's

October 29, 2021 order granting summary judgment in favor of Appellee, the

Higbee Company. Oard argues the circuit court erred in determining Higbee is

immune from suit under KRS[1] 342.690(1), the Kentucky Workers' Compensation Act's exclusive remedy provision. We reverse and remand.

## BACKGROUND

Oard, an eighty-year-old woman, worked part-time at the Dillard's department store in the Crestview Hills Town Center in Crestview Hills, Kentucky. The Town Center is managed by Jeffrey R. Anderson Real Estate, Inc. Higbee owns this Dillard's location and is a wholly owned subsidiary of Dillard's, Inc. Dillard's held a workers' compensation insurance policy at all times relevant to this appeal, which listed Higbee as a named insured.

As Oard left work on November 15, 2019, she fell when she stepped on salt placed near the exit of the store and suffered permanent injuries. She then filed a Kentucky Workers' Compensation claim naming Dillard's, Inc. as her employer, and was thereafter compensated.

Oard then filed suit against Higbee, as well as against the Town Center and Jeffrey R. Anderson Real Estate; she did not name Dillard's as a defendant to the suit. Higbee filed a motion for summary judgment, wherein it argued KRS 342.690 immunized it from liability. The circuit court agreed and granted summary judgment. This appeal followed.

---

[1] Kentucky Revised Statutes.

## STANDARD OF REVIEW

Upon appeal of a summary judgment, the standard of review is "whether the trial court correctly found that there were no genuine issues as to any material fact and that the moving party was entitled to judgment as a matter of law." *Scifres v. Kraft*, 916 S.W.2d 779, 781 (Ky. App. 1996); CR[2] 56.03. "The trial court must view the evidence in the light most favorable to the nonmoving party, and summary judgment should be granted only if it appears impossible that the nonmoving party will be able to produce evidence at trial warranting a judgment in his favor." *Lewis v. B & R Corp.*, 56 S.W.3d 432, 436 (Ky. App. 2001) (citing *Steelvest v. Scansteel Serv. Ctr., Inc.*, 807 S.W.2d 476, 480-82 (Ky. 1991)). However, "impossible," in the context of a motion for summary judgment, is "used in a practical sense, not in an absolute sense." *Perkins v. Hausladen*, 828 S.W.2d 652, 654 (Ky. 1992). "Because summary judgment involves only legal questions and the existence of any disputed material issues of fact, an appellate court need not defer to the trial court's decision and will review the issue *de novo*." *Lewis*, 56 S.W.3d at 436 (citing *Scifres*, 916 S.W.2d at 781).

## ANALYSIS

If an employer is required to compensate an employee for a workers' compensation claim, the Kentucky Workers' Compensation Act provides that such

---

[2] Kentucky Rules of Civil Procedure.

compensation shall be the exclusive remedy to the injured employee and, therefore, the employer is immunized from all other liability arising from the injury.  KRS 342.690(1).  However, the statute defines "employer" broadly to include contractors.  *Id*.  Relevant here, the Act defines a "contractor" as "[a] person who contracts with another . . . (b) [t]o have work performed of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession of such person[.]"  KRS 342.610(2).

As such, "tort immunity under the Act extends 'up the ladder' from the subcontractor that employs an injured person to the entities that contracted with the subcontractor," but only if the injured plaintiff's employer has workers' compensation coverage and the work performed for the subcontractor is "of a kind which is a regular or recurrent part of the work" performed by the up the ladder entities.  *Cabrera v. JBS USA, LLC*, 568 S.W.3d 865, 869 (Ky. App. 2019) (citing *Goldsmith v. Allied Bldg. Components, Inc.*, 833 S.W.2d 378, 379 (Ky. 1992)).  The Kentucky Supreme Court interpreted KRS 342.610(2)(b)'s definition of a contractor as one who performs "regular or recurrent part of the work of the trade, business, occupation, or profession" of the contracted party to mean one who performs work which is "customary, usual, or normal to the particular business (including work assumed by contract or required by law) or work that the business repeats with some degree of regularity, and it is of a kind that the business or

-4-

similar businesses would normally perform or be expected to perform with employees." *Gen. Elec. Co. v. Cain*, 236 S.W.3d 579, 588 (Ky. 2007).

The Act does not require a formal written contract for a person or entity to be a contractor, but rather "contracts might be found in this context when the facts show that the defendant is effectively functioning as the contractor." *Beaver v. Oakley*, 279 S.W.3d 527, 534 (Ky. 2009). "While we certainly do not ignore the statutory requirement of 'contracts,' we construe this term broadly in this context to ensure that workers' compensation coverage is provided allowing injured workers to recover benefits quickly without having to show fault." *Id*. at 535 (footnote omitted).

However, we do not automatically immunize an employer's wholly owned subsidiary solely because it is a subsidiary. In *Cabrera v. JBS USA, LLC*, Cabrera was injured while working in a pork processing plant and received workers' compensation benefits for his injuries. 568 S.W.3d at 868. Thereafter, he sued several companies for negligence and products liability; the circuit court determined many of these companies were Cabrera's employer for purposes of KRS 342.690(1) and granted summary judgment in their favor. *Id*. In discussing whether one of these companies – Monfort – was entitled to up-the-ladder immunity because it was a wholly owned subsidiary of JBS – a company identified as one of Cabrera's employers as contemplated by KRS 342.690(1) – this Court

-5-

determined Monfort's status as a subsidiary of JBS was not, on its own, sufficient to entitle Monfort to immunity. *Id*. at 872. Status as a subsidiary "'is not a legal coat' that its owner or owners can slip on or off at will" when it is to its advantage. *Id*. at 873 (citing *Turner v. Andrew*, 413 S.W.3d 272, 276 (Ky. 2013)). "Unless Monfort qualified in its own right as Cabrera's employer or up-the-ladder contractor, it was not entitled to immunity from tort liability to its parent company's statutory employees for its own, independent acts of negligence." *Id*. (citing *Falk v. Alliance Coal, LLC*, 461 S.W.3d 760, 766 (Ky. 2015)). Because Monfort did not argue it qualified as Cabrera's employer itself and instead asserted its status as a wholly owned subsidiary of JBS was alone sufficient to confer it immunity, we determined Monfort was not entitled to immunity and reversed. *Id*. at 873-74.

In contrast, Cabrera also sued Swift Pork Company – another subsidiary of JBS – and, like Monfort, the circuit court determined Swift Pork was entitled to up-the-ladder immunity as Cabrera's statutory employer. *Id*. at 870. But, unlike Monfort, we determined Swift Pork was entitled to immunity:

> JBS acquired Swift Pork in 2007, and JBS's and Swift Pork's joint corporate representative, Nicholas White, testified via deposition that Swift Pork is "a part of" JBS's business operations. To that end, apart from being JBS's wholly owned subsidiary, Swift Pork shares with it the same chief executive officer, the same board of directors, and the same address for its corporate headquarters. Both entities are named insureds in the same policy of workers'

compensation insurance. Most importantly, by reason of corporate direction from JBS, Swift Pork was also the owner and joint operator of the pork processing facility where and when Cabrera sustained his injuries.

*Id*. at 871.

Accordingly, Higbee's status as a wholly owned subsidiary of Dillard's is not, on its own, enough for it to be immunized from suit. Per *Cabrera*, we must, therefore, determine whether the material facts available to the circuit court demonstrate Higbee is the sort of entity which KRS 342.690(1)'s immunizes from suit because either (1) Higbee itself qualifies as Oard's employer in its own right, or (2) Higbee is a contractor as defined by KRS 342.610(2).

As to the first inquiry, Higbee was obviously not Oard's direct employer. As Oard notes in her brief, Dillard's paid her and directed her employment. Nothing in the record suggests Higbee ever provided directions to Oard or otherwise engaged with her as her employer. So, summary judgment in favor of Higbee was only proper if Higbee is a contractor – and therefore Oard's statutory employer – as contemplated by the Act.

The parties do not point this Court to any evidence of record demonstrating Higbee takes any active role in the operation and management of the Crestview Hills Dillard's location beyond ownership of the building. As Oard notes, Dillard's was her direct employer: it directed her day-to-day activities and paid her wages. However, this says nothing about whether Higbee performs work

that is customary, usual, and normal to Dillard's business. As far as the record reveals, Higbee merely owns the facility, and that is where Higbee's role ends; Higbee does not maintain the facilities or contract with another for property management services. Per Higbee's response to Oard's first set of interrogatories, Higbee has no legal relationship with either the Crestview Hills Town Center or Jeffrey R. Anderson Real Estate, Inc. Instead, Dillard's itself pays the Crestview Hills Town Center fees for maintenance of common areas, which include the area where Oard was injured. As far as the record on appeal shows, Higbee's sole function is to own the building which houses the retail store.

As *Cabrera* demonstrates, a subsidiary may be entitled to up-the-ladder immunity where the subsidiary is "a part of" the parent's business operations, which may be demonstrated by: the parent and subsidiary sharing corporate governance and sharing an address for corporate headquarters; both being named insured on a workers' compensation policy; and the parent's corporate direction of the subsidiary resulting in the parent and the subsidiary being co-owners and operators of the facility where a plaintiff's injuries were sustained. *See Cabrera*, 568 S.W.3d at 871. While Higbee seeks to compare itself to Swift Pork because Higbee is listed on its parent company's workers' compensation insurance, this fact alone is not dispositive. This Court is directed to nothing in the record which shows Dillard's and Higbee share corporate

governance or that Dillard's directs Higbee's corporate activity in relation to the Crestview Hills location.

In sum, Higbee does not direct us to evidence of record which demonstrates Higbee engages in activity "of a kind which is a regular or recurrent part of the work of the trade, business, occupation, or profession" of Dillard's. KRS 342.610(2). Further, it does not direct us to evidence demonstrating that Higbee is "a part of" Dillard's, *Cabrera*, 568 S.W.3d at 871, beyond Higbee being listed on Dillard's workers' compensation insurance policy. Accordingly, we cannot agree Higbee was entitled to summary judgment, as material questions of fact remain unresolved and thus summary judgment was premature.

## <u>CONCLUSION</u>

For the foregoing reasons, we reverse the Kenton Circuit Court's October 29, 2021 order granting summary judgment, and remand for proceedings consistent with this Opinion.

ALL CONCUR.

BRIEFS FOR APPELLANT:               BRIEF FOR APPELLEE:

Haley S. Stamm                      Matthew A. Taulbee
Fort Mitchell, Kentucky             Fort Mitchell, Kentucky